**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **INVENTORY RECOVERY CORPORATION,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**ASHLEY A. GABRIEL, *et al.*,**<br><br>**Defendants.** | Civ. No. 2:11-cv-01604 (WJM)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff Inventory Recovery Corporation ("IRC") brings this action against Defendants Richard Gabriel ("R. Gabriel") and Ashley Gabriel ("A. Gabriel"), alleging that Defendants breached an agreement for the sale of 324 Internet domain names. This matter comes before the Court on Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, the Defendants' motion is **GRANTED** in part, and **DENIED** in part.

## I. BACKGROUND

The following facts are drawn from the Complaint. IRC is an Illinois company that conducts business in New Jersey. Compl. ¶ 1. Matthew Coleman is the President of IRC. Compl. ¶ 6. Defendants are residents of Florida, and are the former owners of 324 Internet domain names that were used to sell nutraceutical food; that is, food that provides health or medical benefits (the "Business"). *Id.* ¶¶ 2-3, 7-8, 13.

In October 2009, Plaintiff learned that Defendants listed the Business for sale. Compl. ¶¶ 14-15. On January 31, 2010, Plaintiff and R. Gabriel met face-to-face to discuss Plaintiff's purchase of the Business. *Id.* ¶ 16. They discussed general information about the Business, including gross sales and net income values. *Id.* These negotiations continued via e-mail and telephone through February 2010, when R. Gabriel provided Plaintiff with financial documents for the Business. These documents included the budget for advertising with Google, the Business' primary source of advertising. *Id.* ¶¶ 17-19. R. Gabriel also represented that the Business had a strong sales record and a

good relationship with the merchant banks that processed the financial transactions between customers and the Business.

On February 26, 2010, Plaintiff and Defendants entered into two agreements: (1) a Sale and Transfer Agreement, for the sale of the 324 Internet domain names ("Sale Agreement"); and (2) an Asset and Consulting Agreement ("Consulting Agreement"), under which R. Gabriel agreed to serve as a consultant to Plaintiff for 120 days after the sale (collectively, the "Agreements"). Compl. ¶¶ 6, 10. The Agreements contained the following representations and warranties:

> [N]o threatened occurrence or development exists which would materially adversely affect the [Business]; [and]
>
> No representation or warranty of SELLER or CONSULTANT . . . contains any untrue statement of a material fact or omits [any] material fact necessary in order to make the statements contained herein or therein not misleading.

Sale Agreement, Representations and Warranties of Seller and Consultant ("Reps and Warranties"), Compl. Ex. 1 ¶¶ 4, 12, ECF No. 1-1. The parties set a purchase price of $5,600,000, but agreed that Defendants would accept a plot of real estate in the Bahamas, an airplane, and the remaining balance in cash. *Id.* ¶ 25. The deal closed on February 26, 2010. *Id.*

After taking control of the Business, Plaintiff discovered that the Business was not nearly as strong as R. Gabriel had represented. Specifically, Plaintiff alleges that: the Business was no longer permitted to advertise on Google; the Business' relationship with merchant banks was severely impaired; and the financial documents provided by R. Gabriel omitted certain business practices that artificially inflated the Business' sales. Compl. ¶¶ 19-20, 28-29. Soon after the agreement was entered into, the Business' sales fell. *Id.* ¶ 27.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 129 S.Ct. at 1949 (2009).

## III. DISCUSSION

The Court has diversity jurisdiction based on 28 U.S.C. § 1441.[1] Plaintiff's Complaint asserts eleven causes of action: (1) fraud; (2) breach of fiduciary duty; (3) breach of contract; (4) breach of duty of good faith and fair dealing; (5) conspiracy; (6) aiding and abetting fraud; (7) unjust enrichment, (8) negligent or intentional misrepresentation; (9) rescission of contract that is a product of fraud; (10) constructive fraud; and (11) contract rescission. Defendants have moved to dismiss all eleven counts. For the reasons set forth below, all counts except Count III (breach of contract) and Count IV (breach of duty of good faith and fair dealing) are dismissed. Each issue will be addressed in turn.

### A. Fraud (Count I), Conspiracy (Count V), Aiding and Abetting Fraud (Count VI), and Constructive Fraud (Count X)

In Count I, Plaintiff asserts a claim for fraud, on which the claims for conspiracy (Count V), aiding and abetting fraud (Count VI), and constructive fraud (Count X) rely. Plaintiff argues that Defendants intentionally misrepresented and omitted material information about the Business. Defendants move to dismiss these claims, arguing that the Plaintiff failed to plead fraud with particularity. Defendants are correct.

The parties agree that New Jersey law applies. The elements of a claim for common law fraud in New Jersey are: (1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon; and (5) resulting damages. *Eli Lilly & Co. v. Roussel Corp.*, 23 F.Supp.2d 460, 492 (D.N.J. 1998).

---

[1] The Agreements entered into by the parties contain a forum selection clause designating the District of New Jersey as the proper forum for the dispute. Neither party challenges venue.

Pursuant to Rule 9(b), a plaintiff alleging fraud must state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the "precise misconduct with which [it is] charged." *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007) (internal quotation marks and citation omitted). To satisfy this standard, the plaintiff must plead or allege the date, time, and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation. *Id.*

The Complaint addresses the fraud factors, but does not do so with the particularity that Rule 9(b) requires. For example, Plaintiff alleges that Defendants lied about the Business' operations "between February 2009 and February 26, 2010," Compl. ¶ 19, and made misrepresentations "throughout February 2010." *Id.* ¶ 17. This falls far short of pleading the date, time, and place of the alleged fraud. Similarly, Plaintiff alleges that Defendants "made representations" to IRC "concerning the projected cost of Internet advertising and marketing budget for Google" and that "[t]his statement was false and misleading." Compl. ¶ 18; *see also* Compl. ¶¶ 28-29. But Plaintiff never identifies what "[t]his statement" was. Compl. ¶ 18. Such allegations do not meet the stringent pleading requirements of Rule 9(b).

Plaintiff's claims for conspiracy, aiding and abetting fraud, and constructive fraud rely on successfully pleading the underlying fraud claim. *See Am. Corporate Soc. v. Valley Forge Ins. Co.*, 424 Fed. Appx. 86, 90 (3d Cir. 2011) (listing elements of conspiracy); *Morganroth & Morganroth v. Norris, McLaughlin & Marcus, P.C.*, 331 F.3d 406, 415 (3d Cir. 2003) (listing elements of aiding and abetting fraud); *Jewish Ctr. of Sussex Cnty. v. Whale*, 432 A.2d 521, 524 (N.J. 1981) (listing elements for constructive fraud). Accordingly, Defendants' motion to dismiss Counts I, V, VI, and X is **GRANTED**, and these Counts are **DISMISSED WITHOUT PREJUDICE**.

**B. Breach of Fiduciary Duty (Count II)**

In Count II, Plaintiff asserts a claim for breach of fiduciary duty, arguing that a fiduciary relationship arose from the Consulting Agreement between Plaintiff and R. Gabriel. Defendants move to dismiss this claim, arguing that the parties had an arms-length business relationship. Defendants are correct.

A fiduciary relationship exists when "one party places trust and confidence in another who is in a dominant or superior position." *McKelvey v. Pierce*, 173 N.J. 26, 57 (2002) (citations omitted). Fiduciary relationships do not exist "in ordinary commercial business transactions." *Alexander v. CIGNA Corp.*, 991 F. Supp. 427, 438 (D.N.J.1998), *aff'd*, 172 F.3d 859 (3d Cir.1998) (citations omitted). To prove a breach of fiduciary duty, the plaintiff must prove: (1) the existence of a fiduciary relationship between the parties, (2) the breach of a duty imposed by that relationship, and (3) harm to the plaintiff. *ACE Am. Ins. Co. v. Wachovia Ins. Agency Inc.*, No. 08-4369, 2008 WL 4630486, *6 (D.N.J. Oct. 17, 2008) (citing *McKelvey*, 173 N.J. at 57). The duties of a

fiduciary to a dependent party include the duty of loyalty and the duty to exercise reasonable skill and care. *McKelvey*, 173 N.J. at 57.

In this case, Plaintiff's allegations do not support the existence of a fiduciary relationship. The parties certainly did not have a fiduciary relationship during negotiations, as that was a classic arms-length business transaction where the parties were on opposite sides of the bargaining table. And Plaintiff wholly fails to articulate how a 120-day Consulting Agreement gives rise to a fiduciary relationship. Plaintiff also failed to allege a breach of fiduciary duty. Plaintiff does not identify a single action that R. Gabriel took in his consulting capacity, let alone an action that might have breached the duty of loyalty or the duty of care.

Accordingly, Defendants' motion to dismiss Count II is **GRANTED**, and Count II is **DISMISSED WITH PREJUDICE**.

**C. Breach of Contract (Count III)**

In Count III, Plaintiff asserts a claim for breach of contract. Defendants move to dismiss this claim, arguing that Plaintiff's claim is merely a formulaic recitation of the breach of contract elements, and fails to indicate which contractual provision was breached. Defendants are incorrect.

To plead a breach of contract claim in New Jersey, Plaintiff, must allege that (1) there was a contract; (2) that contract was breached; (3) the breach resulted in damages; and (4) the person suing for breach performed his own contractual duties. *Cotter v. Newark Housing Auth.*, 422 Fed. App'x. 95, 98 (3d Cir. 2011) (citation omitted). A party adequately pleads a breach of contract claim if it alleges a breach of the contract's representations and warranties provisions. *See Leder v. Shinfeld*, 609 F. Supp. 2d 386, 406-07 (E.D. Pa. 2009) (allegations that defendant violated "representations and warranties of seller" in a stock purchase agreement were sufficient to state a claim for breach of contract); *Roadsafe Traffic Sys. v. Ameriseal Northeast Fla., Inc.*, No. 09-148, 2011 U.S. Dist. LEXIS 111058, at *42 (D. Del. Sept. 29, 2011) ("[D]efendants were in breach of the representations and warranties provisions of the [agreement] from the moment the agreement was signed").

In this case, Plaintiff has adequately pled a breach of contract claim. First, Plaintiff pled that there were two contracts: the Sale Agreement and the Consulting Agreement. Second, contrary to Defendants' assertion, Plaintiff adequately identified the contractual provisions that were breached: Plaintiff alleged that Defendants breached the material adverse change clause ("no threatened occurrence or development exists which would materially adversely affect the [Business]") and the disclosure clause ("[n]o representation or warranty of SELLER . . . omits [any] material fact") of the Sale Agreement. Reps and Warranties ¶¶ 4, 12; Compl. ¶¶ 21, 23. Further, Plaintiff alleged that Defendants failed to disclose that the Business was unable to advertise with Google

and unable to work with many merchant banks, which materially impaired the Business' operations. *See* Compl. ¶¶ 19-20. Third, Plaintiff alleged that sales from the Business plummeted as a result of these impairments. Compl. ¶¶ 34, 38. Finally, Plaintiff alleged that it satisfied all of its obligations under the Agreements. Compl. ¶ 51.

Accordingly, Defendants' motion to dismiss Count III is **DENIED**.

**D. Breach of Good Faith and Fair Dealing (Count IV)**

In Count IV, Plaintiff argues that Defendants' misrepresentations amount to a breach of the covenant of good faith and fair dealing. Defendants argue that the covenant should not apply because only the express terms of the contract should govern the parties' obligations. Defendants are incorrect.

An implied covenant of good faith and fair dealing is present in all contracts governed by New Jersey law. *Emerson Radio Corp. v. Orion Sales, Inc*, 253 F.3d 159, 169-70 (3d Cir. 2001). This obligation to perform contracts in good faith has been interpreted in New Jersey to mean that "neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." *Id.* at 170. New Jersey law also holds that a party to a contract can breach the implied duty of good faith even if that party abides by the express and unambiguous terms of that contract if that party "acts in bad faith or engages in some other form of inequitable conduct." *Id.* A claim for breach of an implied obligation can be pled alongside a breach of contract claim as an alternative form of liability. *See Id.* at 163.

Here, Plaintiff adequately pled that Defendants' conduct destroyed its right to receive the fruits of the contract. Plaintiff alleged that it entered into the agreement with the expectation that the Business could sufficiently advertise and complete transactions with customers. Compl. ¶¶ 19-20. But, according to the Complaint, the Business that Defendants sold was unable to advertise with Google, a primary marketing source, and was cut off from working with many online merchant banks, severely hindering the Business' ability to engage in transactions with its customers. *Id.* As such, Plaintiff has adequately pled that it was left with a business that was materially different than the one it reasonably expected.

Accordingly, Defendants' motion to dismiss Count IV is **DENIED**.

**E. Unjust Enrichment (Count VII)**

In Count VII, Plaintiff asserts a claim for unjust enrichment. However, "[w]here there is an express contract covering the identical subject matter of the claim, plaintiff cannot pursue a quasi-contractual claim for unjust enrichment." *Construcciones Haus Soceidad v. Kennedy Funding Inc.*, 2008 WL 1882857, at *6 (D.N.J. Apr. 24, 2008). In this case, "there can be no doubt" that a contract existed between the parties. Pl.'s Opp'n

Br. 23. Accordingly, Defendants' motion to dismiss Count VII is **GRANTED**, and Count VII is **DISMISSED WITH PREJUDICE**.

### F. Negligent Misrepresentation (Count VIII)

In Count VIII, Plaintiff alleges that, even if Defendants did not know that their representations were false, they negligently provided false information about the Business to Plaintiff. Under New Jersey law, negligent misrepresentation requires a showing that the defendant negligently provided false information. *See Highlands Ins. Co. v. Hobbs Group, LLC*, 373 F.3d 347, 351 (3d Cir. 2004) (citation omitted). Negligent misrepresentation is governed by Rule 9(b), which requires that the allegations to be stated with particularity. *See Dist. 1199P Health and Welfare Plan v. Janssen, L.P.*, 784 F.Supp. 2d 508, 532 (D.N.J. 2011). As discussed above, the allegations in the Complaint fall far short of Rule 9's particularity requirement. For example, the Complaint alleges that R. Gabriel "made misrepresentations concerning the business model or operations of the Business" that were "false, misleading and/or failed to include material information." Compl. ¶ 15. The Complaint completely fails to identify what representations were made, when and where those representations were made, how those representations were false, and how the alleged misrepresentations were material. As such, the Complaint does not adequately state a claim under Rule 9. Accordingly, Defendants' motion to dismiss Count VIII is **GRANTED**, and Count VIII is **DISMISSED WITHOUT PREJUDICE**.

### G. Rescission of Contract (Counts IX and XI)

In Counts IX and XI of the Complaint, Plaintiff asserts claims for rescission of contract under *N.J.S.A.* 2A:32-1 and New Jersey common law. Defendants correctly argue that contract rescission is a remedy, not a cause of action. Under *N.J.S.A.* 2A:32-1 and New Jersey common law, rescission is an equitable remedy for fraud, not a substantive claim. *See Alvez v. Verizon*, No. 08-3196, 2010 WL 2989988, at *11 (D.N.J. July 27, 2010); *Cooper v. Borough of Wenonah*, 977 F.Supp. 305, 313, 316 (D.N.J. 1997). Accordingly, Defendants' motion to dismiss Counts IX and XI is **GRANTED**, and these Counts are **DISMISSED WITH PREJUDICE**

## IV. CONCLUSION

For the reasons stated above, the Defendants' motion to dismiss is **GRANTED** in part, and **DENIED** in part. The motion to dismiss is denied with respect to Count III (Breach of Contract), and Count IV (Breach of the Duty of Good Faith and Fair Dealing), and granted with respect to the remaining Counts. Counts I, V, VI, VIII, and X are **DISMISSED WITHOUT PREJUDICE**. Counts II, VII, IX, and XI are **DISMISSED WITH PREJUDICE**. An appropriate order follows.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: July 20, 2012**