UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| INVENTORY RECOVERY CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>ASHLEY A. GABRIEL, *et al.*,<br><br>Defendants. | Civ. No. 2:11-cv-01604 (WJM)<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff Inventory Recovery Corporation ("IRC") brings this action against Richard Gabriel ("R. Gabriel") and Ashley Gabriel ("A. Gabriel") ("Defendants"), alleging that Defendants engaged in fraudulent inducement with respect to, and breached an agreement for, the sale of 324 Internet domain names and related assets ("the Business"). In April 2016, the Court granted in part and denied in part the parties' cross-motions for summary judgment.

This matter comes before the Court upon three motions: (1) a motion by Plaintiff to reopen the action; (2) a cross-motion by Defendants to enforce the parties' settlement agreement; and (3) Plaintiff's motion for reconsideration of a portion of this Court's April 2016 Order granting in part and denying in part the parties' cross motions for summary judgment. There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Plaintiff's motion to reopen the case is **GRANTED**; Defendants' cross motion to enforce the settlement agreement is **DENIED**; and Plaintiff's motion for reconsideration is **GRANTED**.

I.   **RELEVANT BACKGROUND**

The Court writes for the benefit of the parties and assumes familiarity with the underlying facts, as described more thoroughly in the Court's April 2016 Opinion. *See Inventory Recovery Corp. v. Gabriel*, No. 2:11-CV-01604, 2016 WL 1365995 (D.N.J. Apr. 6, 2016). What follows is a brief recitation of the facts relevant to the current pending motions.

1

In August 2014, Plaintiff filed an Amended Complaint, asserting three causes of action arising from Defendants' sale of the Business to Plaintiff: (1) fraudulent inducement; (2) breach of contract; and (3) breach of duty of good faith and fair dealing. ECF No. 52 at ¶¶ 60-74.

On April 6, 2016, this Court granted in part and denied in part the parties' cross-motions for summary judgment. ECF No. 93. As is relevant here, the Court denied Plaintiff partial summary judgment, and granted Defendants summary judgment, on that portion of Plaintiff's breach of contract claim based on the "material adverse change" clause of the parties' contract. *Id*. In April 2016, Plaintiff moved for reconsideration of that portion of this Court's Opinion and Order. ECF No. 98.

On July 27, 2016, the parties met with Magistrate Judge Falk and participated in a settlement conference. At that conference, the parties agreed to a potential settlement structure. That day, this Court, after being notified that the matter had settled, dismissed the action without prejudice to the right, upon good cause shown, to reopen the matter if the settlement was not consummated. ECF No. 107.

On July 28, 2016, Plaintiff's counsel emailed defense counsel to "confirm the proposed settlement" and noting that the "general structure" of a settlement was: (1) payment of a settlement amount over time; (2) a first priority lien on certain real property in New York (the "Real Property") "to secure the payment;" (3) entry of a consent judgment against R. Gabriel; and (4) a release of both A. and R. Gabriel. ECF No. 116-1 (Decl.), Ex. A (Email) at 2.

Plaintiff's counsel stated that: "[t]his settlement is contingent on [Plaintiff] satisfying itself that the Real Property has sufficient value to secure the settlement amount" and that, "if at any time [Plaintiff] determines, in its sole discretion that the Real Property is insufficient to secure the settlement, that [Defendants] are withholding documents IRC deems necessary to complete its due diligence or if [Plaintiff] otherwise decides not to go forward with this settlement, it is agreed and understood that the parties will request reinstatement of the case . . . ." *Id.* at 3.

On July 29, 2016, Plaintiff's counsel sent an email stating that he had found information suggesting the presence of an unground storage tank which had a hazardous spill in 1993 (hereinafter, "the environmental issue"), and requested documentation confirming remediation of that spill. Ex. B (Email). Plaintiff's counsel also indicated that he had more general concerns that the property's value was sufficient to secure the proposed settlement amount. *Id*.

An August 16, 2016 appraisal of the property stated that a "determination of the effect on market value of any hazardous materials that may be present at the subject

property is beyond the scope of this appraisal," and that the appraisers had received no information concerning the need for remediation at the site or its cost. Ex. D (Appraisal).

According to Defendants, the parties agreed that an accelerated payment of the settlement amount would solve the environmental issue. ECF No. 116-1 (Cert.) at 4. However, in September 2016, Plaintiff's counsel circulated a draft mortgage for the real property. That mortgage included a provision indemnifying Plaintiff for the environmental issue, which Defendants refused to sign, causing the settlement to fall apart. *Id*. at 6-7.

In November 2016, Plaintiff filed a motion to reopen the case, stating that the parties had reached an impasse in consummating settlement. ECF No. 114. Defendants have filed a cross motion to reinstate the case to enforce the settlement agreement. ECF No. 116. These motions are presently pending. In December, the Court had a confidential status conference with the parties to better glean each party's position.

## II. DISCUSSION

### A. Plaintiff's Motion to Reopen and Defendants' Cross Motion to Enforce Settlement

Under New Jersey Local Civil Rule 41.1(b), when the Court receives notice that a case has settled, the Court shall enter an order dismissing the action, without costs, and without prejudice to the right to reopen the action within 60 days upon good cause shown if the settlement is not consummated. *See* N.J. L. Civ. R. 41.1(b); *see also Sander Sales Enterprises, Ltd. v. Saks, Inc.*, 245 F. App'x 108, 110 (3d Cir. 2007).

Plaintiff has unquestionably shown good cause for reopening the action. At the July 27, 2016 settlement conference with Judge Falk, the parties agreed to the general terms of a proposed settlement. On July 28, 2016, Plaintiff's counsel underscored that "[t]his settlement is contingent on [Plaintiff] satisfying itself that the Real Property has sufficient value to secure the settlement amount." The record demonstrates that, despite its best efforts, Plaintiff has been unable to satisfy itself that the property has sufficient value to secure the settlement amount. Specifically, on July 29, 2016, Plaintiff discovered that the property had an undisclosed environmental issue. Since then, Defendants have not provided any documentation concerning the environmental issue, and have refused to sign an indemnification clause in the draft mortgage. Under these circumstances, Plaintiff is entitled to reopen the matter and proceed to trial.

In opposition, Defendants contend that the settlement agreement should be enforced, because the parties have entered into a binding agreement, and that their "sole disagreement concerns the inclusion of the Environmental Indemnification Provision in the Mortgage." Defendants argue that Plaintiff's counsel's July 28 email setting forth the general terms of the settlement agreement is sufficient to confirm that the parties entered

3

into a binding agreement.  Defendants further contend that, once Plaintiff learned about the environmental issue, both parties agreed that acceleration of payment would solve any potential problems with the property's value.[1]

The Court finds that a settlement agreement between the parties cannot be enforced.  First, despite Defendants' representation that the settlement agreement is "complete," the fact that the date of the first accelerated payment – September 30, 2016 – has long passed with no payment by Defendants, belies that representation.  Moreover, Defendants concede in their brief that the parties "remain in disagreement" over the issue of indemnification of any future environmental liabilities, further confirming that a final agreement was never reached.  Finally, the Court finds that, in any event, enforcement of a settlement agreement which requires one party to accept a property with wholly unknown environmental liabilities as security for future payment would be unconscionable.

Accordingly, Plaintiff's motion to reopen the case is **GRANTED**; Defendants' cross-motion to enforce the settlement is **DENIED**.

### B.  Plaintiff's Motion for Reconsideration

Because the case will be reopened, any motions that were pending at the time of settlement are reinstated.  Therefore, presently pending before this Court is Plaintiff's motion for reconsideration of this Court's April 2016 Opinion disposing of the parties' motions for summary judgment.  For the reasons stated below, Plaintiff's motion for reconsideration will be **GRANTED**.

Reconsideration is appropriate where, *inter alia*, it is necessary to correct a clear error of law or fact or to prevent manifest injustice.  *Max's Seafood Café by Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).  Manifest injustice pertains to situations where a court overlooks some dispositive factual or legal matter that was presented to it.  *See In re Rose*, No. 06–1818, 2007 WL 2533894, at *3 (D.N.J. Aug. 30, 2007).

Plaintiff seeks reconsideration of the portion of this Court's decision in which it granted summary judgment in favor of Defendants as to Plaintiff's claim that the material adverse change clause in the parties' contract was breached.  The Court found that there

---

[1] The Court comments that while Defendants insist that the appraisal report "specifically took into account the Environmental Issue," *see* Def. Br. at 6, the record clearly demonstrates that the opposite is true: the report explicitly stated that "a determination of the effect on market value of any hazardous materials that may be present at the subject property is beyond the scope of this appraisal" and that the appraisers received no information concerning the need for remediation at the site or its cost, *see* Appraisal.  Defendants are cautioned that any future distortions of the record will not be taken lightly by this Court.

was no breach because, to the extent that there was a material adverse change, Plaintiff had failed to demonstrate that Defendants had knowledge of that change. In so finding, the Court overlooked evidence in the record that creates a triable issue of fact as to whether the Defendants breached that clause.

The material adverse change at issue is a change in Google's ad policy, which barred Defendants' business from using pay-per-click advertisements. In its April 2016 Opinion, the Court determined that Plaintiff had not provided any evidence of Todd Rodenborn's agency relationship with R. Gabriel such that Rodenborn's knowledge of Google's ad policy change should be imputed to Defendants, and therefore, granted summary judgment in favor of Defendants as to this claim. *IRC v. Gabriel*, 2016 WL 1365995, at *5. Plaintiff now points to two material facts in the record that the Court overlooked that, if credited by a jury, could demonstrate an agency relationship. First, in their Rule 36 admissions, Defendants admitted that Rodenborn "*acted on behalf of Defendants* when he made decisions with regard to the Business's PPC advertising campaigns during 2009." ECF No. 80-2 at Ex. 5, ¶ 53 (emphasis added). Second, Rodenborn confirmed at his deposition that the nature of his business is "being the agent" for "the purchaser, for people like Richard [Gabriel]." ECF No. 80-2 at Ex. 27 (Dep.). Taken together, these statements could lead a reasonable juror to conclude that Rodenborn was, indeed, Defendants' agent and therefore, that his knowledge of the material adverse change in Google's ad policy could be imputed to Defendants. Because a question of material fact remains as to whether Rodenborn's knowledge of the material adverse change should be imputed to Defendants, reconsideration is **GRANTED**, and Defendants' motion for summary judgment as to the material adverse contract clause is **DENIED**.

### III.   CONCLUSION

For the reasons stated above, Plaintiff's motion to reopen the case is **GRANTED**; Defendants' cross motion to reinstate and enforce the settlement agreement is **DENIED**; and Plaintiff's motion for reconsideration is **GRANTED**. The parties are directed to contact Judge Falk's chambers to arrange for a pretrial conference. An appropriate order follows.

s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: January 23, 2017**